IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**SCOTTY WAYNE RIDDLE**                                                                 **PETITIONER**
**ADC #154068**

V.                              CASE NO. 5:18-CV-33-JM-BD

**WENDY KELLEY,[1] Director,**
**Arkansas Department of Correction**                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

Petitioner Scotty Wayne Riddle, an inmate in the Arkansas Department of Correction ("ADC"), filed this case on February 8, 2018, under 28 U.S.C. § 2254.

---

[1] The Clerk is directed to correct the spelling of Ms. Kelley's name on the docket.

(Docket entry #1) On January 23, 2013, Mr. Riddle pleaded guilty to rape in Sebastian County Circuit Court and was sentenced to twenty-five years in prison plus suspended imposition of a fifteen years sentence.[2] *Riddle v. State*, 2015 Ark. 72, 1. Mr. Riddle filed a timely, post-conviction petition asserting ineffective assistance of counsel. The circuit court held a hearing on the petition and denied it in a written order. *Id*. at 2. Mr. Riddle filed a timely appeal. The Arkansas Supreme Court affirmed the circuit court's denial of the petition. *Id*. at 7.

Mr. Riddle filed a federal habeas petition on June 12, 2017. *Riddle v. Kelley*, No. 5:17cv161-BD, docket entry #1, (June 12, 2017). In that petition, Mr. Riddle argued that his counsel was ineffective at the plea hearing, that his guilty plea was unlawfully induced, and cumulative error. *Id*. The Court dismissed the petition without prejudice because it found the petition was barred by the statute of limitations and denied a certificate of appealability. *Id*. at #14 (Nov. 6, 2017); See 28 U.S.C. §2244(d)(1)(A).

Mr. Riddle filed a motion for reconsideration of the Court's order denying a certificate of appealability, alleging ineffective assistance of counsel. *Id*. at docket entry #16 (Dec. 6, 2017). The Court denied the motion. (*Id*. at Dec. 7, 2017) Mr. Riddle did not appeal.

In this petition, Mr. Riddle challenges the same judgment and commitment order. He claims ineffective assistance of counsel during the plea process, that his guilty plea

---

[2] Because Mr. Riddle pleaded guilty, he was not allowed to file a direct appeal. ARK. R. APP. P. – CRIMINAL 1(a).

was unlawfully induced, and that counsel violated his right to due process during the plea process. (#1)

### III.     Discussion:

The Court lacks jurisdiction to hear Mr. Riddle's petition. As noted, Mr. Riddle has already challenged his conviction through an earlier federal habeas petition. Before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even if the petitioner claims actual innocence in the second petition. 28 U.S.C. § 2244(b)(2)(B)(I)-(ii). Without an order from the court of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[3]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is clearly successive.

---

[3] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

## IV.  Conclusion:

The Court recommends that Judge Moody DENY and DISMISS Scotty Wayne Riddle's petition for writ of habeas corpus (#1), without prejudice. Furthermore, Judge Moody should deny a certificate of appealability.

DATED this 14th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE